[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11980
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cv-01433-HES-JBT


BARBARA J. RILEY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 8, 2020)

Before MARTIN, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Barbara J. Riley, pro se, appeals the dismissal of her Federal Tort Claims Act action for failure to state a claim for which relief may be granted.  We affirm.

## I. BACKGROUND

Riley filed a Federal Tort Claims Act ("FTCA")[1] action alleging fraud and violations of her constitutional rights against the government, six federal judges, a federal magistrate judge, three court clerks, and three court deputy clerks.  Riley asserted that these federal judges and clerks, who were involved in five civil actions filed by Riley, unconstitutionally accepted her filing fees, dismissed her actions without a hearing, and entered void orders against her.  As relief, Riley requested monetary damages and an injunction to enjoin further violations of her rights.

The government responded that the district court should dismiss Riley's complaint because it did not provide any basis for relief, and the district court granted the government's motion to dismiss with prejudice.  It noted that it could look beyond the pleadings to resolve the government's motion to dismiss, which constituted a factual attack on the district court's subject matter jurisdiction.  It then found that, if Riley's allegations raised claims for abuse of process, misrepresentation, or deceit, the FTCA explicitly excluded these types of intentional torts from its waiver of sovereign immunity.  It also found that the

---

[1] 28 U.S.C. § 1346(b)(1)

2

federal judges identified in Riley's complaint were entitled to absolute judicial immunity because these judges interacted with Riley in a judicial capacity and did not act in the clear absence of jurisdiction.  It further found that the clerks identified in Riley's complaint were entitled to quasi-judicial immunity for accepting filing fees and entering judgment following judicial rulings and that Riley had failed to allege why these acts were wrongful or how she was harmed by these individuals.  It then found that the government was immune from suit because the federal judges and clerks identified in Riley's complaint were entitled to absolute judicial and quasi-judicial immunity.  It noted that Riley's dissatisfaction with having to pay filing fees and with the judicial decisions in her prior federal litigation did not give rise to an independent tort.

## II. DISCUSSION

On appeal, Riley argues that the district court unconstitutionally dismissed her action without a hearing.[2]  We review de novo a district court's granting of a motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016).  Pro se

---

[2] Riley waived any arguments challenging the district court's findings that the federal judges and clerks were immune from her suit and that the FTCA's intentional torts exception barred her claims when she failed to raise these arguments in her initial brief.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (recognizing that while pro se briefs are held to a less stringent standard, a pro se litigant abandons any argument not addressed in her opening brief).

3

pleadings are held to a less stringent standard than pleadings drafted by attorneys and are thus liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The government is immune from suit unless it waives its sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994). Although the government has waived its immunity for tort claims brought under the FTCA, the FTCA explicitly excludes intentional torts like abuse of process, misrepresentation, and deceit from this waiver. *Alvarez v. United States*, 862 F.3d 1297, 1301-02 (11th Cir. 2017). In evaluating whether a claim is barred by this intentional torts exception, we will examine "the substance of the claim and not the language used in stating it." *Id.* at 1302 (quoting *Zelaya v. United States*, 781 F.3d 1315, 1334 (11th Cir. 2015)). Constitutional torts against federal defendants also

4

are not cognizable under the FTCA. *Meyer*, 510 U.S. at 477-78, 114 S. Ct. at 1001.

Here, the district court properly granted the motion to dismiss Riley's action because she did not assert facts to support the allegations raised in her complaint. Riley did not state a claim for relief that was plausible on its face because the acts of accepting filing fees, dismissing her civil actions without a hearing, and entering *ex parte* orders and judgments were required by statute and do not constitute torts or constitutional violations. *See Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. Although she alleged that the federal judges and clerks involved in her prior litigation acted illegally and fraudulently, she did not provide any facts that would have allowed the district court to reasonably infer what these judges and clerks did that was in violation of any law or statute, in order to be civilly liable for some misconduct. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Thus, the district court properly granted the government's motion to dismiss when Riley's allegations did not amount to more than labels or conclusory statements about the alleged misconduct of the federal judges and clerks identified in her complaint. *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

Furthermore, Riley's claims are subject to the FTCA's intentional torts exception or are otherwise not cognizable under the FTCA. To the extent that Riley raises claims for abuse of process, misrepresentation, or deceit, these claims

5

are barred by the FTCA's intentional torts exception.  *See Alvarez*, 862 F.3d at 1301-02.  Any constitutional tort claims that Riley may have raised also are not cognizable under the FTCA.  *See Meyer*, 510 U.S. at 477-78, 114 S. Ct. at 1001. Accordingly, the district court correctly determined that Riley could not bring her claims under the FTCA.

   **AFFIRMED.**